# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, § § § | |
| *Plaintiff,* § | |
| § | Civil Action No. 4:21-CV-00617-ALM |
| v. § | Judge Mazzant |
| § | |
| ARMADILLO DISTRIBUTION ENTERPRISES, INC., § § § | |
| *Defendant.* § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Dismiss Certain of Defendant's Claims for Relief and Counterclaims (Dkt. #18). Having considered the motion, responses, and applicable law, the Court finds the motion should be **DENIED**.

### BACKGROUND

**I.**  *Gibson v. Armadillo*

On October 20, 2017, Gibson Brands Inc. ("Gibson") sent a cease-and-desist letter to Armadillo Distribution Enterprises, Inc. ("Armadillo") (Case No. 4:19-CV-358, Dkt. #1, Exhibit G). The letter stated that Gibson owned exclusive trademark rights related to certain guitar design shapes. Specifically, Gibson referenced its Flying V Body Shape Design and the Explorer Body Shape Design trademarks, and requested Armadillo immediately cease using these Gibson trademarks in any advertising, sales, and any other related services. On May 13, 2019, Gibson sent another cease-and-desist letter to Armadillo, threatening to file suit if Armadillo did not cease the alleged infringing actions (Case No. 4:19-CV-358, Dkt. #1, Exhibit H).

On May 14, 2019, Gibson filed its original complaint against Armadillo for trademark

infringement (the "*Gibson* action").[1] Gibson alleged Armadillo wrongfully advertised, offered for sale, sold, and distributed products that infringed on the following Gibson trademarks: the Flying V Body Shape Design, the Explorer Body Shape Design, the ES Body Shape Design, the HUMMINGBIRD trademark, and the MODERNE trademark (Case No. 4:19-CV-358, Dkt. #1 ¶ 1). Gibson requested monetary damages and a permanent injunction that Armadillo be barred from offering Armadillo's DEAN V guitar, DEAN Z guitar, DEAN Gran Sport guitar, LUNA Athena 501 guitar, DEAN Avo Headstock, and LUNA Fauna Hummingbird products.

On June 6, 2019, Gibson filed its first amended complaint (Case No. 4:19-CV-358, Dkt. #7). In addition to the five trademarks alleged in the original complaint, the first amended complaint added new infringement claims related to Gibson's SG Body Shape Design and Dove Wing Headstock Design trademarks. While Gibson had provided Armadillo actual notice of the claims alleged in the original complaint through the cease-and-desist letters, Gibson noted that it "did not provide Armadillo with actual notice of the infringement of Gibson's SG Body Shape Design Trademark or Gibson's Flying V Trademark as the infringement was determined after the original [c]omplaint was filed on May 14, 2019" (Case No. 4:19-CV-358, Dkt. #7 at p. 7 n.1). On July 8, 2019, Armadillo filed its answer denying all of Gibson's claims. Additionally, Armadillo raised the affirmative defense of laches, asserting that all of Gibson's claims and requested relief were barred in their entirety due to Gibson's excessive and inexcusable delay, which caused Armadillo substantial economic and evidentiary prejudice (Case No. 4:19-CV-358, Dkt. #12). Armadillo also brought counterclaims for cancellation and tortious interference with Armadillo's prospective business relations. On November 26, 2019, Gibson filed its second amended complaint (Case No. 4:19-CV-358, Dkt. #74). In addition to the seven trademarks alleged in the first amended

---

[1] Gibson also sued and prevailed against Concordia Investment Partners, LLC ("Concordia") for contributory trademark infringement under the Lanham Act. Concordia is not relevant to the present case.

complaint, the second amended complaint added a new infringement claim related to Gibson's FLYING V trademark.

The *Gibson* action proceeded to trial on May 16, 2022. The jury returned its verdict on May 27, 2022, finding that Armadillo infringed Gibson's trademarks. In addition to trademark infringement, the jury found that Armadillo sold or marketed counterfeits of certain Gibson trademarks. However, for the Flying V Body Shape Design, the Explorer Body Shape Design, and the Dove Wing Headstock Design, the jury found Gibson inexcusably delayed in asserting its trademark rights, thereby causing undue prejudice to Armadillo. In addition to finding for Armadillo on its laches defense for these three trademarks, the jury found that Armadillo never had unclean hands. The jury awarded Gibson $4,000 in statutory damages for its affirmative finding on the counterfeit claim but did not find that Gibson suffered actual damage due to Armadillo's infringement. The jury did not find for Armadillo on its remaining counterclaims.

On July 28, 2022, the Court entered final judgment in the *Gibson* action. *See Gibson Brands, Inc. v. Armadillo Distrib. Enters., Inc.*, No. 4:19-CV-358, 2022 WL 3008501 (E.D. Tex. July 28, 2022). Armadillo was permanently enjoined from the manufacture, advertisement, and/or sale of its LUNA Athena 501 guitar, DEAN Gran Sport guitar, DEAN V guitar, DEAN Z guitar, and guitars bearing, using, or advertising the word "Hummingbird." Armadillo was also ordered to pay Gibson $4,000 in accordance with the jury's verdict on counterfeiting, along with all costs of court spent or incurred in the case.

## II.     *Armadillo v. Allied*

On May 19, 2019—five days after the *Gibson* action was initiated—Armadillo entered into an insurance agreement with Allied Property and Casualty Insurance Company ("Allied") whereby Allied would defend Armadillo against any lawsuit arising out of a "personal advertising injury"

3

(the "Policy") (Dkt. #1, Exhibit A). On August 4, 2021, Allied filed a complaint for declaratory relief seeking a ruling from this Court that it has no duty to defend Armadillo in the *Gibson* action (Dkt. #1). On October 10, 2021, Armadillo answered and denied Allied's claims (Dkt. #13). Armadillo also asserted counterclaims for breach of contract for failure to provide coverage and failure to cooperate, declaratory judgment on Allied's duty to defend and duty to indemnify, breach of the common law duty of good faith and fair dealing ("bad faith"), negligence, and misappropriation of trade secrets (Dkt. #13 at pp. 8–13).

On November 12, 2021, Allied filed the present motion to dismiss (Dkt. #18). On December 3, 2021, Armadillo filed a response (Dkt. #29). On December 15, 2021, Allied filed a reply (Dkt. #29).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine

whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Allied moves for dismissal of Armadillo's counterclaims under Rule 12(b)(6). Specifically, Allied moves to dismiss the following claims and counterclaims: (1) breach of contract including both Count One (failure to provide coverage) and Count Two (failure to cooperate); (2) declaratory

judgment on Allied's duty to indemnify; (4) bad faith; (5) negligence; and (6) misappropriation of trade secrets. After reviewing Armadillo's answer and the arguments contained in the briefings, the Court finds that Armadillo has stated plausible claims for relief as to each of these counterclaims.

## CONCLUSION

It is, therefore, **ORDERED**, that Plaintiff's Motion to Dismiss Certain of Defendant's Claims for Relief and Counterclaims (Dkt. #18) is **DENIED.**

**IT IS SO ORDERED.**

**SIGNED this 18th day of August, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE